UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIAL MARTIN,<br><br>    Petitioner,<br><br>    v.<br><br>U.S. DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA,<br><br>    Respondent. | No. 1:17-cv-01011-DAD-MJS<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROVIDE A CURRENT ADDRESS AND AS MOOT |

    Petitioner is a former federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner initiated this action on July 31, 2017, by filing a petition stating that he was incarcerated at the Fresno County Jail pending release from Bureau of Prisons ("BOP") custody. (Doc. No. 1.) Petitioner requested that he be moved to a BOP facility in order to receive re-entry services unavailable to him at the jail. (*Id.* at 3.)

    On August 7, 2017, the assigned magistrate judge ordered petitioner to show cause why the action should not be dismissed as moot in light of his apparent subsequent transfer to a BOP facility. (Doc. No. 4.) On August 14, 2017, case initiating documents previously sent to petitioner's address of record at the Fresno County Jail were returned to the court as undeliverable. A review of online BOP records reflects that petitioner was released from prison on September 8, 2017. *See* http://www.bop.gov/inmateloc/ .

/////

Local Rule 183(b) requires a party proceeding *pro se* to keep the court apprised of his current address: "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Here, more than sixty-three days have passed without petitioner providing the court with his current address. Moreover, since the only relief sought by petitioner was his return to a BOP facility from the Fresno County Jail pending his ultimate release from custody, this action has been rendered moot. *See Fendler v. U.S. Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988) (finding a petitioner's § 2241 petition was moot because he had already been released on parole and did not challenge the validity of the original conviction).

Accordingly, the action is hereby dismissed without prejudice, both due to petitioner's failure to provide the court with a current address and because this habeas action has been rendered moot by his release from custody. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **November 29, 2017**

_____
UNITED STATES DISTRICT JUDGE